IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JASON IRVIN KITTRELL, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:22-CV-00104-JCB |
| v. | § § § | |
| SHERRY L. KING, ADMIN. ASST. IV; AND JOE N. ROBINSONJR., CHAPLAIN; | § § § § § | |
| Defendants. | | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff Jason Kitrell's, an inmate at the Texas Department of Criminal Justice ("TDCJ") Hodge Unit, complaint alleging purported constitutional violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Although proceeding pro se in this matter, Plaintiff has paid the full filing fee and is therefore not proceeding *in forma pauperis*. On June 23, 2022, Plaintiff was informed that he must serve the complaint and summonses on Defendants in this matter, and the court provided him instructions for doing so as well as copies of prepared summons forms and the court's local rules. (Doc. Nos. 8, 9.) The court further indicated that Plaintiff had 90 days to serve a copy of the summons and complaint as provided by Rule 4(m) of the Federal Rules of Civil Procedure. The court warned Plaintiff that failure to comply with Rule 4(m) may result in dismissal of the lawsuit. As Plaintiff did not comply with the court's order, on October 14, 2022, the court issued a second deficiency order, again reminding Plaintiff of the requirements of Rule 4(m) and his obligation to serve Defendants in this matter. (Doc. No. 11.) The court placed Plaintiff

1

on notice that the undersigned will recommend dismissal of the above-captioned case pursuant to Rule 4(m) for failure to timely serve and pursuant to Rule 41(b) for failure to prosecute unless Plaintiff serves the named Defendants or shows cause why the court should not do so within thirty days of receipt of the court's show cause order. *Id.* Plaintiff acknowledged receipt of the court's show cause order on October 20, 2022. (Doc. No. 12.) More than 30 days have passed since Plaintiff received the court's show cause order and Plaintiff has not responded to the court's order, nor has he filed any proof of service. Defendants have not responded to Plaintiff's complaint and there has been no indication on the record that service was executed.

Here, Plaintiff has failed to timely serve his complaint within 90 days of the filing of the complaint and has failed to comply with the court's orders providing him generous additional time to execute service. Eight months have passed since the filing of this action and Plaintiff has not served Defendants in that time despite numerous instructions and orders from the court regarding service. As such, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service on Defendants and for failure to comply with a court order. Fed.R.Civ.P. 4(m); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."); Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 7th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE